```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Christopher Beaulieu

    v.                                                               Civil No. 15-cv-012-JD

N.H. Department of
Corrections, et al.

# O R D E R

Christopher Beaulieu, who is a New Hampshire State Prison inmate, proceeding pro se and in forma pauperis, filed a complaint alleging that the defendants violated his Eighth and Fourteenth Amendment rights. After preliminary review pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1), the Magistrate Judge issued a Report and Recommendation on May 4, 2015, that recommended dismissal of all claims except the claim alleging excessive force on March 7, 2012. Beaulieu filed two objections to the report and recommendation in which he argued that his claim alleging that the defendants failed to protect him from sexual assault should not be dismissed.

Screening under § 1915A identifies cognizable claims or dismisses the complaint or claims in the complaint that do not state a claim on which relief may be granted. § 1915A(b). When a party files a timely objection to a report and recommendation, the court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1).  Beaulieu objects to that part of the report and recommendation which recommended dismissal of his claim that prison officials failed to protect him from being raped by other inmates.

Corrections officials may be liable under the Eighth Amendment if they fail to provide reasonable measures to protect inmates from violence by other inmates. Lakin v. Barnhart, 758 F.3d 66, 70 (1st Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  To succeed on an Eighth Amendment claim that a prison official failed to protect him from attack, the plaintiff must show that he is "'incarcerated under conditions posing a substantial risk of serious harm'" and the official "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" Lakin, 758 F.3d at 70 (quoting Farmer, 511 U.S. at 834).  Deliberate indifference occurs when the official is subjectively aware of the risk, when facts known to the official show or suggest a substantial risk of serious harm to an inmate, and the official draws the inference, but the official does not take reasonable action to protect the inmate. Farmer, 511 U.S. at 842-44.

Rape of an inmate by another inmate constitutes serious harm for purposes of the Eighth Amendment. Id. at 833.  Taking the facts alleged in his complaint along with those alleged in his objections in the light most favorable to him, Beaulieu alleges

that he was raped at the prison under the following circumstances.  See, e.g., Simpson v. Superintendent, Merrimack County Dep't of Corrs., 2014 DNH 170, 2014 WL 1404568, at *1 (D.N.H. Apr. 10, 2014) (standard of review under § 1915A).

Beaulieu states that he was raped by another inmate in December of 2011 and reported the rape in January of 2012.  He recanted the rape report, however, when the perpetrator threatened him and his family.

In April of 2014, Beaulieu asked to leave a group session because he was unable to focus due to ongoing sexual assaults.[1]  When the social worker, Barbara T. Slayton, spoke to Beaulieu privately, he reported the assaults to her.  Four days later, Beaulieu was assigned to "ATC" by Slayton and Captain Paul Cascio and was locked into his cell there.  The same day, inmate M.R., the perpetrator, arrived and was locked into his cell.  Because of Beaulieu's sexual assault report, M.R. should not have been housed with Beaulieu.

Although Beaulieu was locked into his cell, M.R. was not.  Beaulieu was pressured into recanting the rape report and then was no longer locked into his cell.  On April 30, 2014, M.R. again sexually assaulted Beaulieu.  When that assault occurred, the staff was watching a movie in the dayroom.

---

[1] The sexual assaults apparently were being committed by inmate M.R. who is named in the objection (document no. 17).

Beaulieu alleges that Barbara Slayton, Kevin Stevenson, and Paul Cascio knew that he had been raped and knew that he was at risk of being raped, but did not separate him from the inmate perpetrator or perpetrators.  As a result, he alleges, he was raped again.

The report and recommendation is adopted as to the excessive force claim, which was served; and the claims of false disciplinary reports and denials of due process, and claims of inadequate medical care, which are dismissed.  The report and recommendation is not adopted as to the recommendation that the endangerment claim arising from rape be dismissed.  That claim under the Eighth Amendment for the rape on April 30, 2014, is stated against Barbara T. Slayton, Kevin Stevenson, and Paul Cascio.

## Conclusion

For the foregoing reasons, the plaintiff's claims are dismissed except a claim alleging that he was subjected to excessive force on March 7, 2012, and a claim that certain prison officials failed to protect him from being raped which resulted in a rape on April 30, 2014.  The complaint, along with the two objections which are deemed to be amendments of the complaint (documents 16 and 17), shall be served on Craig Orlando,

Christopher Ziemba, Barbara T. Slayton, Kevin Stevenson, and Paul Cascio.  All other claims and defendants are dismissed.

    SO ORDERED.

                                                  Joseph A. DiClerico, Jr.
                                                  United States District Judge

July 16, 2015

cc:   Christopher R. Beaulieu, pro se
      Laura E. B. Lombardi, Esq.