UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Beaulieu

   v.                                           Civil No. 15-cv-012-JD

Cpl. Craig Orlando et al.[1]

### REPORT AND RECOMMENDATION

Before the court is a Complaint Addendum (doc. no. 21) filed by New Hampshire State Prison ("NHSP") inmate Christopher Beaulieu, asserting new claims and adding new defendants to this action. The Complaint Addendum is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

### Background[2]

Two claims are already pending in this matter. The first

---

[1] The defendants presently in this action are the following New Hampshire State Prison ("NHSP") employees: Sgt. Craig Orlando; Corrections Officer Christopher Ziemba; Barbara T. Slayton, LSW; Capt. Paul S. Cascio; and Kevin Stevenson, the Administrator of the NHSP's Secure Psychiatric Unit. In his Complaint Addendum, Beaulieu names two additional NHSP employees as defendants to this action: Lt. E. Orlando and Sgt. Michael S. Shaw.

[2] In conducting this preliminary review, the court employs the same standard set forth in the May 4, 2015, Report and Recommendation (doc. no. 6).

alleges that NHSP employees Craig Orlando and Christopher Ziemba used excessive force against him on March 7, 2013, after Craig Orlando falsely accused Beaulieu of assaulting him.  The second claim alleges that NHSP employees Barbara Slayton, Kevin Stevenson, and Paul Cascio, failed to protect Beaulieu from a known risk of serious harm when they acted or failed to act in a manner that allowed him to be sexually assaulted by another inmate on April 30, 2014.

In the Complaint Addendum (doc. no. 21), Beaulieu seeks to add the following claims to this action:

- State law tort claims for assault and battery against Craig Orlando and Ziemba, arising out of the March 7, 2013, incident that is the basis of the excessive force claim.

- A state law tort claim for fraudulent misrepresentation against Craig Orlando arising out of that officer's allegedly false report that Beaulieu had assaulted him on March 7, 2013.

- State law tort claims for breach of duty and/or negligence against NHSP Corrections Officers Craig Orlando, Ziemba, E. Orlando, and Shaw, for failing to secure evidence concerning the March 7, 2013, incident.

- Eighth Amendment and state law claims against Shaw and E. Orlando, in their supervisory capacities, as Craig Orlando and Ziemba's supervising officers on March 7, 2013.

**Discussion**

I. **Eighth Amendment Claim – Supervisory Liability**

In general, supervisory liability under 42 U.S.C. § 1983 lies only where "an affirmative link between the behavior of a subordinate and the action or inaction of his supervisor exists such that the supervisor's conduct led inexorably to the constitutional violation." Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (internal quotation marks and citation omitted). Beaulieu has not alleged facts that demonstrate an affirmative link between the acts or omissions of E. Orlando and Shaw, and the alleged use of excessive force against Beaulieu, to assert supervisory liability against those individuals for the Eighth Amendment Claim. Accordingly, the district judge should dismiss the § 1983 supervisory liability claims against E. Orlando and Shaw, to the extent they are alleged as Eighth Amendment violations.

II. **Official Capacity Claims and Claims for Injunctive Relief**

Beaulieu asserts, in the Complaint Addendum (doc. no. 21), claims against Craig and E. Orlando, Ziemba, and Shaw in both their individual and official capacities. In his original complaint (doc. no. 1), Beaulieu asserted damages claims and claims for injunctive relief. Most of the requests for injunctive release were related to claims that have been

3

dismissed from this case. One request for relief, however asked that "the DOC stop allowing me to be victimized." Beaulieu has neither sought preliminary injunctive relief, nor stated with specificity facts sufficient to demonstrate entitlement to such relief. Accordingly, the court finds that the request for injunctive relief should be dismissed, without prejudice to Beaulieu's ability to seek such relief with more specificity, if appropriate in the future.

As Beaulieu has not stated any viable claim for injunctive relief in his complaint, only damages claims remain. The Eleventh Amendment precludes official capacity suits against state employees for damages. See Davidson v. Howe, 749 F.3d 21, 27-28 (1st Cir. 2014). Accordingly, the district judge should dismiss all of the official capacity claims asserted in this action.

### III. State Law Claims

#### A. Fraudulent Misrepresentation

In New Hampshire, "[t]o prove fraud based on a misrepresentation, a plaintiff must show that the defendant knowingly made a false representation, intending the plaintiff to rely on it, and that the plaintiff was injured by his justifiable reliance on the misrepresentation." Sykes v. RBS Citizens, N.A., 2 F. Supp. 3d 128, 147 (D.N.H. 2014) (citing

4

Tessier v. Rockefeller, 162 N.H. 324, 332 (2011)).  Here, Beaulieu alleges that Craig Orlando made a false statement concerning Beaulieu's actions, but does not state that he did so in order to induce Beaulieu to rely on that statement.  Beaulieu has failed to state a fraudulent misrepresentation under New Hampshire law, and the district judge should dismiss this claim.

    B.    Assault and Battery, Breach of Duty and Supervisory Liability

The court finds that Beaulieu has sufficiently asserted facts to allow state law claims for assault and battery and negligent supervision, against Craig Orlando, Ziemba, E. Orlando, and Shaw, as set forth above, to allow the court to exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367.  Without prejudice to the defendants' ability to move to dismiss those claims on any proper basis, the court, in an Order issued simultaneously with this Report and Recommendation, directs that service of process be effected on new defendants Shaw and E. Orlando, and sets a deadline for the remaining defendants who have previously been served -- Craig Orlando, Christopher Ziemba, Barbara T. Slayton, Kevin Stevenson, and Paul Cascio -- to answer or otherwise respond to those claims.

**Conclusion**

For the foregoing reasons, the district judge should dismiss: the supervisory liability claims, to the extent that those claims assert Eighth Amendment violations; all of the official capacity claims and claims for injunctive relief asserted in this action; and the fraudulent misrepresentation claim.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 16, 2016

cc:   Christopher R. Beaulieu, pro se
      Laura E.B. Lombardi, Esq.