UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Beaulieu

    v.                                                                 Civil No. 15-cv-012-JD

Cpl. Craig Orlando et al.[1]


**REPORT AND RECOMMENDATION**

Plaintiff Christopher "Crystal" Beaulieu, an inmate in the custody of the New Hampshire Department of Corrections ("DOC") presently housed at the New Hampshire State Prison ("NHSP") has filed a motion (Doc. No. 55) seeking to amend the complaint in this matter.  The motion is before this court for a recommendation as to disposition.

**Motion to Amend Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that a party who is no longer able to amend the complaint as of right may amend only with the court's leave, and that "[t]he court

---

[1] The defendants presently in this action are the following New Hampshire State Prison employees: Craig Orlando, Christopher Ziemba, Michael Shaw, Ernest Orlando, Barbara Slayton, Kevin Stevenson, and Paul Cascio.  If this Report and Recommendation is approved, new parties Paige Kimball, Douglas Bishop, and Matthew Rodier will be joined as defendants.

should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Where a proposed amendment seeks to add a new party, that request is "'technically governed by Rule 21, which provides that the court may at any time, on just terms, add or drop a party . . . .'" Gigunda Group, Inc. v. Creative Collective Group, No. 15-cv-104-LM, 2015 WL 6872281, at *1, 2015 U.S. Dist. LEXIS 151771, at *4 (D.N.H. Nov. 9, 2015) (citation omitted). "'[T]he same standard of liberality applies under either [Rule 15(a) or 21].'" Id. (citation omitted). "[A] district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part." Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013) (internal quotation marks and citations omitted).

## Background

The following claims have been served on the appropriate defendants and are presently pending in this matter:

    1. NHSP officers Craig Orlando and Christopher Ziemba used excessive force against Beaulieu on March 7, 2012, in violation of Beaulieu's Eighth Amendment right not to be subject to cruel and unusual punishment.

    2. NHSP officers Craig Orlando and Christopher Ziemba are liable to Beaulieu for the state law tort of assault and battery for the use of force they exerted against Beaulieu on March 7, 2012.

3. NHSP officers Ernest Orlando and Michael Shaw are liable to Beaulieu for the state law tort of negligent supervision, for their failure to adequately supervise defendants Craig Orlando and Christopher Ziemba on March 7, 2012, resulting in those defendants' commission of the tort of assault and battery on Beaulieu.

4. NHSP officials Barbara Slayton, Paul Cascio, and Kevin Stevenson, were deliberately indifferent to a significant risk of serious harm to Beaulieu on April 18 and 30, 2014, when, knowing that Beaulieu had been sexually assaulted by another inmate, Matthew Rodier,[2] those individuals failed to separate Beaulieu from Rodier, resulting in Rodier threatening Beaulieu, forcing Beaulieu to recant her allegation of sexual assault, and further resulting in Rodier sexually assaulting Beaulieu again.

Beaulieu, in her complaint amendment, asserts the following additional claims in this matter:

5. NHSP Cpl. Paige Kimball acted with deliberate indifference to a significant risk of serious harm to Beaulieu, in violation of Beaulieu's Eighth Amendment rights, on April 18, 2014, when Kimball, who was the individual responsible for the direct supervision of the inmates/patients on F-Ward in SPU, failed to separate Beaulieu and Rodier, allowing Rodier sufficient access to Beaulieu to enable Rodier to threaten Beaulieu and coerce Beaulieu to recant her allegation that Rodier had sexually assaulted her.

6. Former NHSP Corrections Officer ("C.O.") Douglas Bishop acted with deliberately indifference to a significant risk of serious harm to Beaulieu, in violation of Beaulieu's Eighth Amendment rights, on April 30, 2014, when Bishop, who was the individual responsible for the direct supervision of the inmates/patients on F-Ward in

---

[2]Although Beaulieu asserts that Rodier is a former NHSP inmate, the DOC website's inmate locator indicates that Rodier is presently incarcerated at the NHSP. See http://business.nh.gov/inmate_locator/default.aspx (last viewed Nov. 22, 2016).

SPU, failed to separate Beaulieu and Rodier, allowing Rodier sufficient access to Beaulieu to enable Rodier to sexually assault Beaulieu.

7.   NHSP inmate Matthew Rodier committed the intentional torts of assault and battery under New Hampshire law when he sexually assaulted Beaulieu on one occasion prior to April 18, 2014, and again on April 30, 2014.

8.   NHSP Sgt. Eric Barbaro is liable to Beaulieu for the state law tort of negligent supervision of NHSP officers Kimball and Bishop on April 18 and 30, 2014, in that, while under Barbaro's direct supervision, Kimball and Bishop breached their duty to protect Beaulieu from harm.

9.   Former DOC Director of Medical and Forensic Services Helen Hanks violated Beaulieu's rights by failing to adequately supervise Barbaro, Kimball, and Bishop on April 18 and 30, 2014.

10.  DOC Commissioner William Wrenn violated Beaulieu's rights by failing to adequately supervise and/or train Hanks, Barbaro, Kimball, and Bishop on April 18 and 30, 2014.

11.  New Hampshire Governor Margaret Hassan violated Beaulieu's rights by failing to adequately supervise Wrenn or the DOC on April 18 and 30, 2014.

12.  DOC Social Worker Barbara Slayton failed to provide Beaulieu with any mental health care or treatment after Beaulieu was sexually assaulted on April 18 and 30, 2014, thereby acting with deliberate indifference to Beaulieu's serious medical need for mental health treatment, in violation of Beaulieu's Eighth Amendment rights.

13.  DOC Investigations Unit Sgt. Joel A. Dinsmoor, the main investigator assigned to investigate Beaulieu's April 18, 2014, accusation of sexual assault against Rodier, failed to adequately investigate the allegations, in violation of the Prison Rape Elimination Act ("PREA") and DOC policy.

14. DOC PREA Victim Advocate Jean E. Carroll acted callously in regard to Beaulieu's April 2014 accusations of sexual assault, in violation of DOC policy and PREA.

15. DOC Investigations Unit Director Colon K. Forbes failed to adequately supervise or train Dinsmoor, in violation of DOC policy, resulting in Dinsmoor's inadequate investigation of Beaulieu's April 2014 accusations of sexual assault.

## Discussion

### I. Claims 5-7

#### A. Individual Capacity Claims 5-6 and Claim 7 May Proceed

The claims identified in this Report and Recommendation as Claims 5, 6, and 7 are sufficiently stated to allow them to proceed against the following defendants, to the extent those defendants are sued in their individual capacities: Claim 5, asserted against defendant NHSP Cpl. Paige Kimball; Claim 6, asserted against former NHSP C.O. Douglas Bishop, and Claim 7, asserted against NHSP inmate Matthew Rodier.  Accordingly, the motion to amend (Doc. No. 55) should be granted, in part, to the extent it seeks to add Claims 5-7, as identified in this R&R, to this action, to the extent those claims are asserted against Kimball and Bishop in their individual capacities, and Rodier.

#### B. Official Capacity Claims Should Not Be Added

Beaulieu also asserts those claims against Kimball and Bishop in their official capacities.  Official capacity claims

5

against state corrections officials are generally barred by the Eleventh Amendment, except where the state's immunity has been waived or abrogated, or where plaintiffs seek prospective injunctive relief. See Bergemann v. R.I. Dep't of Envtl. Mgmt., 665 F.3d 336, 339 (1st Cir. 2011); Colon-Rivera v. Asociacion de Suscripcion Conjunta del Seguro de Responsabilidad Obligatorio, 451 F. App'x 5, 8 (1st Cir. 2011). Congress did not abrogate the state's Eleventh Amendment immunity through § 1983, and New Hampshire has not waived its immunity. Further, Beaulieu has not sought prospective injunctive relief against Kimball or Bishop. Therefore, Beaulieu's motion to amend (Doc. No. 55) should be denied, in part, to the extent it seeks to add official capacity claims against Kimball and Bishop.

**II. Supervisory Defendants (Claims 8-11 and 15)**

In the claims identified as Claims 8 – 11 and 15 above, Beaulieu asserts claims against various DOC officials and the Governor of New Hampshire, in their capacities as supervisors of other individuals named as defendants in the motion to amend (Doc. No. 55). In general, supervisory liability under 42 U.S.C. § 1983 lies only where "an affirmative link between the behavior of a subordinate and the action or inaction of his supervisor exists such that the supervisor's conduct led inexorably to the constitutional violation." Maldonado v.

Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (internal quotation marks and citation omitted). Beaulieu has not alleged facts that demonstrate an affirmative link between the acts or omissions of any of the supervisors named, and the conduct of those under their supervision that is alleged to have resulted in violations of Beaulieu's rights. Accordingly, Beaulieu has not stated sufficient facts to support supervisory liability against those individuals for any federal constitutional violations. Further, to the extent Beaulieu intends to sue the supervisory defendants for negligent supervision under New Hampshire law, her allegations, stripped of legal conclusions, are insufficient to assert negligent supervision or negligent training claims. For these reasons, the motion to amend (Doc. No. 55) should be denied, in part, to the extent it seeks to add Claims 8-11 and 15 to this action.

### III. Claims Asserted Under PREA and DOC Policy (Claims 13 & 14)

Beaulieu asserts that defendants Carroll and Dinsmoor violated her rights by failing to properly or adequately investigate her claims of sexual assault which, Beaulieu alleges, violated sexual assault investigation procedures established by PREA and by DOC policy. PREA, however, does not provide Beaulieu with a private right of action. See Saunders v. Pelkie, No. 15-CV-0225-JD, 2015 WL 4634949, at *1, 2015 U.S.

7

Dist. LEXIS 101067, at *2-*3 (D.N.H. June 26, 2015), <u>R&R adopted</u>, 2015 WL 4628734, at *1, 2015 U.S. Dist. LEXIS 102715 (D.N.H. July 31, 2015). Further, an inmate does not have a right of action arising out of any defendant's failure to follow prison policy. See <u>McFaul v. Valenzuela</u>, 684 F.3d 564, 579 (5th Cir. 2012) ("An assertion that prison officials failed to follow prison rules or policies does not set forth a constitutional claim."); <u>see also</u> <u>Querido v. Wall</u>, No. 10-098 ML, 2010 WL 5558915, at *3, 2010 U.S. Dist. LEXIS 139201, at *8-*9 (D.R.I. Dec. 8, 2010), <u>R&R adopted</u>, 2011 WL 63503, at *1, 2011 U.S. Dist. LEXIS 1882 (D.R.I. Jan. 7, 2011). Accordingly, the district judge should deny the motion to amend (Doc. No. 55), in part, to the extent it seeks to add the claims identified above as Claims 13 and 14 to this action.

**IV. <u>Claim Asserting Denial of Mental Health Care (Claim 12)</u>**

Beaulieu alleges that her social worker at the NHSP, Barbara Slayton, violated Beaulieu's Eighth Amendment right to adequate mental health care by failing to provide Beaulieu with mental health treatment on April 18 or 30, 2014 after Beaulieu alleged she had been sexually assaulted by Rodier. "[T]o prove an Eighth Amendment violation, a prisoner must satisfy both of two prongs: (1) an objective prong that requires proof of a serious medical need, and (2) a subjective prong that mandates a

8

showing of prison administrators' deliberate indifference to that need." Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014), cert. denied, 135 S. Ct. 2059 (2015).

Beaulieu's allegations are only that, on two particular dates, one individual failed to provide her with mental health care. Even assuming that Beaulieu could demonstrate a serious medical need for mental health care, the facts asserted do not demonstrate that Slayton, or any other individual, failed to provide Beaulieu with mental health treatment with the knowledge that doing so on two particular dates would result in serious harm to Beaulieu. Accordingly, the district judge should deny the motion to amend (Doc. No. 55), in part, to the extent it seeks to add Claim 12 to this action.

## Conclusion

For the foregoing reasons, the district judge should grant the motion to amend (Doc. No. 55), in part, to the extent it seeks to add the individual capacity claims identified above as Claims 5-7, and seeks to join new defendants Paige Kimball, Douglas Bishop, and Matthew Rodier to this action. The district judge should otherwise deny the motion to amend (Doc. No. 55).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed.

9

R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 28, 2016

cc: Christopher R. Beaulieu, pro se
    Laura E.B. Lombardi, Esq.