UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Beaulieu,
a/k/a Crystal Beaulieu

   v.                                        Civil No. 15-cv-012-JD
                                                Opinion No. 2017 DNH 008

Craig Orlando, et al.

O R D E R

Christopher Beaulieu, who is proceeding pro se and in forma pauperis, is an inmate at the New Hampshire State Prison.[1] As allowed following preliminary review, Beaulieu brings claims against employees of the Department of Corrections ("DOC") arising out of incidents that occurred on March 7, 2012, and April 18 and 30, 2014. Beaulieu moves to amend to add claims against new defendants.

The magistrate judge issued a report on Beaulieu's motion to amend that recommends granting the motion as to Claims 5, 6, and 7, brought against the defendants in their individual capacities, and recommends denying the remaining proposed new

---

[1] Beaulieu filed the complaint as Christopher Robert Beaulieu. In the complaint, Beaulieu alleged that he was trying to be diagnosed with "G.D. and start my treatment to be a female." The magistrate judge noted in the order issued on May 12, 2016, that Beaulieu was then identifying as female, was using the first name "Crystal", and had asked to be referred to as female. For that reason, the magistrate judge refers to Beaulieu as "she" in the report and recommendation, and the undersigned judge will do the same.

claims, Claims 8 through 15. Beaulieu objects to the report and recommendation. The DOC defendants object to the report to the extent it recommends allowing Claims 5 and 6.

## Standard of Review

When an objection to a report and recommendation is filed, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## Background

Beaulieu alleges that she was raped by another inmate in December of 2011 and that she reported the rape in January of 2012. The perpetrator was allowed to have continuing access to Beaulieu, during which he harassed Beaulieu while prison officers laughed. Because of threats from the perpetrator, Beaulieu recanted the rape charge.

Beaulieu alleges that while she was being escorted from her cell for a disciplinary report on March 7, 2012, officers Craig Orlando and Christopher Ziemba brought her to the floor. As a result, she was injured and did not receive adequate treatment. She also alleges that she was wrongfully accused of assaulting one of the escorting officers.

Beaulieu alleges that two years later, in February of 2014, she was raped by another inmate, Matthew Rodier. Beaulieu alleges that she was not properly protected when the rape occurred. Beaulieu also alleges that while she was housed in the Secure Psychiatric Unit of the prison, the officers failed to properly protect her. As a result, Rodier was allowed access to her on April 18, 2014, which caused Beaulieu to recant her prior rape accusation. Beaulieu further alleges that Rodier raped her again on April 30, 2014. She contends that the prison officers did not adequately investigate her allegations or protect her.

In July of 2014, Beaulieu states that she was assigned to the Residential Treatment Unit of the prison. Another inmate in that unit asked to speak to Beaulieu, pressed Beaulieu to engage in sexual acts with him, and when Beaulieu refused he forcibly raped Beaulieu. Beaulieu did not report the rape because she did not trust the prison officers to respond appropriately and to protect her.

Beaulieu previously has been allowed to amend her complaint on July 16, 2015, November 30, 2015, and May 12, 2016. When the current motion to amend was filed, the defendants in the case were DOC employees Craig Orlando, Christopher Ziemba, Michael Shaw, Ernest Orlando, Barbara Slayton, Kevin Stevenson, and Paul Cascio. The claims against them were the following:

3

    1. NHSP officers Craig Orlando and Christopher Ziemba used excessive force against Beaulieu on March 7, 2012, in violation of Beaulieu's Eighth Amendment right not to be subject to cruel and unusual punishment.

    2. NHSP officers Craig Orlando and Christopher Ziemba are liable to Beaulieu for the state law tort of assault and battery for the use of force they exerted against Beaulieu on March 7, 2012.

    3. NHSP officers Ernest Orlando and Michael Shaw are liable to Beaulieu for the state law tort of negligent supervision, for their failure to adequately supervise defendants Craig Orlando and Christopher Ziemba on March 7, 2012, resulting in those defendants' commission of the tort of assault and battery on Beaulieu.

    4. NHSP officials Barbara Slayton, Paul Casco, and Kevin Stevenson, were deliberately indifferent to a significant risk of serious harm to Beaulieu on April 18 and 30, 2014, when, knowing that Beaulieu had been sexually assaulted by another inmate, Matthew Rodier, those individuals failed to separate Beaulieu from Rodier, resulting in Rodier threatening Beaulieu, forcing Beaulieu to recant her allegation of sexual assault, and further resulting in Rodier sexually assaulting Beaulieu again.

In her current motion to amend, as construed by the magistrate judge, Beaulieu seeks to add new defendants and the following claims:

    5. NHSP Cpl. Paige Kimball acted with deliberate indifference to a significant risk of serious harm to Beaulieu, in violation of Beaulieu's Eighth Amendment rights, on April 18, 2014, when Kimball, who was the individual responsible for the direct supervision of the inmates/patients on F-Ward in SPU, failed to separate Beaulieu and Rodier, allowing Rodier sufficient access to Beaulieu to enable Rodier to threaten Beaulieu and coerce Beaulieu to recant her allegation that Rodier had sexually assaulted her.

    6. Former NHSP Corrections Officer ("C.O.") Douglas Bishop acted with deliberately indifferent to a significant risk of serious harm to Beaulieu, in violation of Beaulieu's

Eighth Amendment rights, on April 30, 2014, when Bishop, who was the individual responsible for the direct supervision of the inmates/patients on F-Ward in SPU, failed to separate Beaulieu and Rodier, allowing Rodier sufficient access to Beaulieu to enable Rodier to sexually assault Beaulieu.

7. NHSP inmate Matthew Rodier committed the intentional torts of assault and battery under New Hampshire law when he sexually assaulted Beaulieu on one occasion prior to April 18, 2014, and again on April 30, 2014.

8. NHSP Sgt. Eric Barbaro is liable to Beaulieu for the state law tort of negligent supervision of NHSP officers Kimball and Bishop on April 18 and 30, 2014, in that, while under Barbaro's direct supervision, Kimball and Bishop breached their duty to protect Beaulieu from harm.

9. Former DOC Director of Medical and Forensic Services Helen Hanks violated Beaulieu's rights by failing to adequately supervise Barbaro, Kimball, and Bishop on April 18 and 30, 2014.

10. DOC Commissioner William Wrenn violated Beaulieu's rights by failing to adequately supervise and/or train Hanks, Barbaro, Kimball, and Bishop on April 18 and 30, 2014.

11. New Hampshire Governor Margaret Hassan violated Beaulieu's rights by failing to adequately supervise Wrenn or the DOC on April 18 and 30, 2014.

12. DOC Social Worker Barbara Slayton failed to provide Beaulieu with any mental health care or treatment after Beaulieu was sexually assaulted on April 18 and 30, 2014, thereby acting with deliberate indifference to Beaulieu's serious medical need for mental health treatment, in violation of Beaulieu's Eighth Amendment rights.

13. DOC Investigations Unit Sgt. Joel A. Dinsmoor, the main investigator assigned to investigate Beaulieu's April 18, 2014, accusation of sexual assault against Rodier, failed to adequately investigate the allegations, in violation of the Prison Rape Elimination Act ("PREA") and DOC policy.

    14. DOC PREA Victim Advocate Jean E. Carroll acted callously in regard to Beaulieu's April 2014 accusations of sexual assault, in violation of DOC policy and PREA.

    15. DOC Investigations Unit Director Colon K. Forbes failed to adequately supervise or train Dinsmoor, in violation of DOC policy, resulting in Dinsmoor's inadequate investigation of Beaulieu's April 2014 accusations of sexual assault.

The magistrate judge found that Claims 5, 6, and 7 were adequately stated and recommended that they be allowed to proceed, but that Claims 8 through 15 were insufficient, and recommended that those claims not be allowed.

## Discussion

Beaulieu and the DOC defendants both object to the magistrate judge's report and recommendation. Beaulieu contends that Claims 13, 14, and 15 should be allowed. The DOC defendants argue in their objection that Claims 5 and 6 should not be allowed. The DOC defendants also filed a response to Beaulieu's objection in which they argued that the magistrate judge properly recommended that Claims 13, 14, and 15 not be allowed.

### A.  Beaulieu's Objection

In her objection to the magistrate's report and recommendation, Beaulieu states that all of her claims are brought against the defendants in their individual capacities, that she properly stated a claim against Dinsmoor, and that she

6

properly stated supervisory liability claims against Forbes and Carroll. The issue of individual and official capacity arose as to Beaulieu's proposed claims against Kimball and Bishop. The proposed claims against Kimball and Bishop were denied to the extent they were brought against the defendants in their official capacities but were allowed as claims brought against the defendants in their individual capacities.

1. Dinsmoor

Beaulieu objects to the magistrate's recommendation that her proposed claim against Dinsmoor, Claim 13, be denied. In Claim 13, Beaulieu alleges that Dinsmoor failed to adequately investigate Beaulieu's allegations of rape against Rodier in violation of the PREA and DOC policy. Beaulieu argues again in her objection that Dinsmoor failed to investigate the rape charge in violation of DOC policy and that Dinsmoor acted with neglect and negligence in the investigation.

The magistrate judge recommended that the claim be denied because no private cause of action exists under the PREA and violations of DOC policy are not violations of constitutional rights. Beaulieu does not object to the ruling with respect to the PREA. Instead, she contends that Dinsmoor failed to investigate her charge of rape to his full ability. She also states that Dinsmoor "acted with total disregard by failing to

enforce the laws in that Sgt. Dinsmoor allowed a individual who has no legal authority to investigate a criminal act and a person who is not acting as a employee of the investigations unit."

Beaulieu has not shown in her objection that Dinsmoor's alleged negligence in investigating her allegations of rape, in violation of DOC policy or procedure, was a violation of her constitutional rights that would support a claim under 42 U.S.C. § 1983. See Sandin v. Conner, 515 U.S. 472, 484 (1995); McFaul v. Valenzuela, 684 F.3d 564, 579 (5th Cir. 2012); see also Oliver v. Whitehead, 2017 WL 26860, at *8-*9 (M.D. Fl. Jan. 3, 2017); Solek v. Naqvi, 2016 WL 7427213, at *3 (D. Conn. Dec. 23, 2016); Cross v. Ziolkowski, 2016 WL 6705890, at *4 (S.D. Ill. Nov. 15, 2016).

To the extent Beaulieu intended to allege a state law negligence claim against Dinsmoor, for negligently investigating Beaulieu's charge of rape, her allegations do not support that claim. Under New Hampshire law, no common law tort exists for negligent investigation by law enforcement officers. Lahm v. Farrington, 166 N.H. 146, 150 (2014). Further, generally a public officer does not owe a duty to an alleged victim to investigate or prosecute a crime. Matthews v. Craige, 2016 WL 3522320, at *4 (E.D. Mich. June 28, 2016) ("[A] private citizen has no constitutional, statutory, or common law right to require

a public official to investigate or prosecute a crime."); White v. Greene County Sheriff's Dep't, 2014 WL 3058393, at *9 (E.D. Tenn. July 7, 2014); Barkey v. Reinke, 2010 WL 3893897, at *13 (D. Idaho Sept. 30, 2010). Beaulieu's allegations do not support a negligence claim.

Beaulieu's objection suggests a supervisory liability theory against Dinsmoor that is not alleged in her motion to amend the complaint. If Beaulieu intended to suggest respondeat superior liability against Dinsmoor based on the negligence of another officer in investigating Beaulieu's rape charge, the allegations are insufficient to show that any negligence occurred. With respect to a claim under § 1983, an officer cannot be held vicariously liable based on a respondeat superior theory. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978).

To establish supervisory liability under § 1983, a plaintiff first must allege facts that show the subordinate of the supervisor violated the plaintiff's constitutional rights. Guadalupe-Baez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016). The plaintiff also must allege facts to show that the supervisor's "action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference." Id. at 515

(internal quotation marks omitted). Deliberate indifference does not state a claim without the causal link between the supervisor's conduct and the constitutional violation. Id.

Beaulieu has not alleged facts to satisfy that standard with respect to Dinsmoor.

### 2. Carroll and Forbes

In her proposed claims, Beaulieu alleges that Carroll, as the DOC PREA Victim Advocate, violated DOC policy and the PREA in the way she responded to Beaulieu's allegations of sexual assault. The magistrate judge found that Beaulieu's claim against Carroll was inadequate because there is no private cause of action under the PREA and because no right of action exists for a claim that a prison officer failed to follow DOC policies or procedures. In her objection, Beaulieu states that Carroll breached her duties by failing to protect Beaulieu as a victim of a crime.

As is explained above, Beaulieu has not stated a viable claim based on allegations that her allegations of sexual assault were not adequately investigated. To the extent Beaulieu suggests a different claim against Carroll, such as failure to protect, she has not alleged facts to support that claim. See, e.g. Farmer v. Brennan, 511 U.S. 825, 834 (1994);

Calderon-Ortiz v. LaBoy-Alvarado, 300 F.3d 60, 64 (1st Cir. 2002). Therefore, no viable claim is alleged against Carroll.

Beaulieu alleges that Forbes, as the DOC Investigations Unit Director, failed to adequately supervise or train Dinsmoor and that the lack of supervision and training caused Dinsmoor's inadequate investigation of Beaulieu's allegations of sexual assault. The magistrate judge found that Beaulieu had not alleged facts to support supervisory liability under § 1983.[2]

In her objection, Beaulieu argues that Forbes did not comply with the statutory requirements of his job, that he breached his "legal obligations" by ignoring Dinsmoor's failure to investigate Beaulieu's claims of sexual assault, and that he should be liable for the years of negligence in handling Beaulieu's charges of sexual assault. As such, Beaulieu provides conclusory statements about Forbes's liability but does not provide facts to show what Forbes did or did not do that caused Beaulieu harm or that would state a claim for supervisory liability. For that reason, the claim against Forbes is not viable.

---

[2] A claim of failure to train also requires factual allegations to show that the lack of training caused a constitutional violation. Jones v. City of Boston, 752 F.3d 38, 59 (1st Cir. 2014); DiRico v. City of Quincy, 404 F.3d 464, 468 (1st Cir. 2005).

B.  The Defendants' Objection

The DOC defendants object to the magistrate judge's report and recommendation to the extent that the magistrate allowed Claims 5 and 6. The defendants contend that Beaulieu should not be allowed to amend her complaint, again, because she has not shown diligence in pursing her claims. They also contend that Claims 5 and 6 are not actionable.

1.  Diligence

Under Federal Rule of Civil Procedure 15(a), leave to amend is to be freely given when justice so requires. The defendants contend that Beaulieu has not properly supported her motion because she did not show why her new claims brought against new parties were not included in her previously amended complaints. See LR 15.1. The defendants also contend that Beaulieu's repeated amendments have prejudiced them by requiring additional responses.

Courts are not permitted to deny motions to amend simply because of delay. Klunder v. Brown Univ., 778 F.3d 24, 34 (1st Cir. 2015). Instead, to avoid amendment based on delay, the opposing party must show prejudice caused by the delay such as "prolonged discovery and a postponement of trial." Id. at 35. The defendants have not made a compelling showing of prejudice.

In addition, Beaulieu is proceeding pro se and is incarcerated. She also claims limited access to a law library. For those reasons, she is afforded more lenience in pleading.

The deadline for amending pleadings has now passed, however. Beaulieu is put on notice that no further motions to amend will be considered unless she can show good cause, as is required under Federal Rule of Civil Procedure 16(a)(4).

### 2. Claims 5 and 6

Futility of a proposed claim in a motion to amend is a ground to deny the motion. Foman v. Davis, 371 U.S. 178, 182 (1962). A claim is futile if, as amended, it "would fail to state a claim upon which relief could be granted." D'Agostino v. ev3, Inc., --- F.3d ---, 2016 WL 7422943, at *4 (1st Cir. Dec. 23, 2016) (internal quotation marks omitted). In assessing whether the allegations would state a claim, the court views the allegations under the standard used for Federal Rule of Civil Procedure 12(b)(6), accepting the allegations as true and taking all reasonable inferences in the plaintiff's favor. Morgan v. Town of Lexington, 823 F.3d 737, 742 (1st Cir. 2016).

As construed by the magistrate judge, proposed Claims 5 and 6 allege that Kimball and Bishop acted with deliberate indifference to a significant risk of serious harm to Beaulieu

in violation of her Eighth Amendment rights.[3] The magistrate judge recommends that Claim 5 and Claim 6 be allowed to proceed against Kimball and Bishop in their individual capacities. The defendants contend that Beaulieu has not alleged facts to show that Kimball and Bishop were deliberately indifferently to a significant risk of harm to Beaulieu.

To state a claim that a prison officer failed to protect an inmate in violation of the Eighth Amendment, the inmate must allege facts showing that the officer was deliberately indifferent to his safety. Farmer, 511 U.S. at 834. A prison official or officer is not deliberately indifferent to an inmate's safety "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 835.

Beaulieu alleges that Kimball was responsible for supervising inmates in the Secure Psychiatric Unit on April 18, 2014, when both Beaulieu and Rodier were held in that unit. Beaulieu had accused Rodier of raping her. Beaulieu further alleges that Kimball failed to supervise inmates when they were

---

[3] To the extent Beaulieu alleged that Kimball and Bishop violated her Eighth Amendment rights by failing to follow prison rules or regulations, that claim is not allowed.

out of their cells which allowed Rodier to have access to Beaulieu. During that access, Rodier threatened Beaulieu, which caused Beaulieu to recant her accusations of rape against Rodier.

Bishop was the ward officer for the Secure Psychiatric Unit on April 30, 2014. Beaulieu alleges that Bishop failed to supervise Beaulieu and Rodier on that day, which resulted in Rodier raping Beaulieu.

Beaulieu does not allege what Kimball and Bishop each knew about the circumstances involving Beaulieu and Rodier. That information would be required to prove the claims. Taking the facts in the light most favorable to Beaulieu, however, the claims state enough to proceed at this stage of the case.

## Conclusion

For the foregoing reasons, the magistrate judge's report and recommendation (document no. 87) is approved and adopted.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

January 12, 2017

cc: Christopher R. Beaulieu, pro se
    Laura E.B. Lombardi, Esq.

15