UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Robert Beaulieu,
a/k/a/ Crystal Beaulieu[1]

   v.                                    Civil No. 15-cv-012-JD

Craig Orlando et al.

### REPORT AND RECOMMENDATION

Plaintiff Christopher "Crystal" Beaulieu, a New Hampshire State Prison ("NHSP") inmate, has filed a "Motion for Court Order" (Doc. No. 111) and "Motion for Gag Order by Court Order" (Doc. No. 120), both seeking injunctive relief. The defendant prison officials object to the "Motion for Court Order." See Doc. No. 13. No objection has been filed to the "Motion for Gag Order by Court Order." Both motions have been referred to the undersigned magistrate judge for proposed findings and recommendations as to disposition. See Feb. 14, 2017 Order; Mar. 30, 2017 Order.

### Background

In this action, Beaulieu has asserted seven claims, alleging violations of her rights under the Eighth Amendment and

---

[1]Plaintiff is an inmate at the New Hampshire State Prison who identifies herself as a transsexual female. The court thus uses the pronouns "she" and "her" to refer to the plaintiff.

state law, against NHSP officials, arising out of events that have occurred during Beaulieu's incarceration at the NHSP. Those incidents include: (1) an alleged incident of officers' use of excessive force against Beaulieu on March 7, 2012; (2) the alleged failure of prison officials to protect Beaulieu from known risks of physical and/or sexual violence, on April 18, 2014 and April 30, 2014; and (3) alleged sexual assaults by inmate Matthew Rodier on one occasion in February 2014, and again on April 30, 2014.

Beaulieu previously filed two motions for preliminary injunctive relief (Doc. Nos. 62, 66) in this matter, which were denied after a November 21, 2016 hearing.  See Mar. 20, 2017 Order (Doc. No. 124) (approving Feb. 23, 2017 R. & R. (Doc. No. 121)).  In the instant motions for preliminary injunctive relief (Doc. Nos. 111 and 120), which Beaulieu describes as similar to her previously denied motions for injunctive relief, see Doc. No. 111, at 2, Beaulieu asserts that she requires court intervention to protect her safety, her right to access the courts, and her constitutional rights.  In particular, Beaulieu alleges that since the November 21, 2016 hearing, she has been written up for multiple disciplinary violations, suffered unspecified "mental and physical injury," and had some of her legal documents destroyed by NHSP officers.

In her motion for a court order (Doc. No. 111), Beaulieu seeks an injunction directing that Lt. Paul Carroll and Capt. Michael Edmark be removed from the NHSP's Secure Housing Unit ("SHU"), that the "Keep Away" between Beaulieu and inmate Steven Newcombe be rescinded; and that Beaulieu be transferred to a county jail, both for her safety and to protect her constitutional rights. Beaulieu also seeks an order directing the New Hampshire Department of Corrections ("DOC") to allow her to marry Newcombe. Finally, Beaulieu asks the court to order the DOC to conduct an investigation of SHU staff misconduct. In support of her request for a preliminary injunction directed to prison officials, Beaulieu alleges the following:

- on December 5, 2016, NHSP Sgt. Totten used unnecessary force upon Beaulieu, inflicting injury and pain;

- on December 5, 2016, Sgt. Totten refused Beaulieu protective custody status;

- on December 18, 2016, an inmate from whom Beaulieu is supposed to be separated by a "Keep Away," was moved to a cell beneath Beaulieu's;

- on January 4, 2017, Beaulieu was placed in "the hole," for fifteen days, during which she was verbally abused, and was threatened with additional time in "the hole";

- on January 20, 2017, Lt. Carroll stopped Beaulieu's law library time because Beaulieu was speaking to Newcombe;

- prison officials have not allowed Beaulieu to have contact with Newcombe, in light of a "Keep Away" in place requiring that Beaulieu and Newcombe be separated, the necessity of

which Beaulieu disputes;

- prison officials have interfered with Beaulieu's fundamental right to marry Newcombe; and

- SHU officers have violated Beaulieu's rights as a transsexual by refusing to let her shave for thirty days and denying her cosmetic surgery.

In her "Motion for Gag Order" (Doc. No. 120), Beaulieu asks this court to direct defendant Rodier not to talk to anyone other than the parties in this case about any matter relating to this case. In support of that request, Beaulieu asserts that both she and Rodier are inmates at the NHSP, and that if other inmates were to hear that Beaulieu had reported being sexually assaulted by Rodier, Beaulieu would be considered a "snitch" by the other inmates, which would jeopardize her safety. Additionally, Beaulieu states that her right to privacy as a sexual assault victim would be violated if Rodier were permitted to speak about this case.

## Discussion

### I. Preliminary Injunction Standard

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that

4

an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).  The likelihood of success on the merits and irreparable harm in the absence of an injunction are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) ("if the moving party cannot demonstrate that he is likely to succeed in his quest," preliminary injunctive relief is properly denied without further analysis); Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) ("perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." (internal quotation marks, alterations, and citation omitted)).  The burden of proof is on the movant.  See Esso Std. Oil Co., 445 F.3d at 18.

The court may rule on a motion for a preliminary injunction on the papers if it has before it "'adequate documentary evidence upon which to base an informed, albeit preliminary conclusion,'" Campbell Soup Co. v. Giles, 47 F.3d 467, 471 (1st Cir. 1995) (citations omitted), and the parties have been

5

afforded "'a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions,'" id. at 470. The parties have had such an opportunity to date, and an additional opportunity for briefing is provided by the objection period that follows the issuance of this Report and Recommendation.

## II. Relationship of Requested Injunction to Underlying Claims

Beaulieu's motion for injunctive relief (Doc. No. 111), seeking to enjoin certain conduct on the part of DOC officials, seeks relief connected to claims that are not pending against the DOC defendants in this case. "'[A] party moving for a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Polansky v. Wrenn, No. 12-CV-105-PB, 2013 WL 1165158, at *5, 2013 U.S. Dist. LEXIS 38617, at *15 (D.N.H. Feb. 22, 2013) (citation omitted), R&R adopted sub nom., Polansky v. NH Dep't of Corr., No. 12-CV-105-PB, 2013 WL 1155429, 2013 U.S. Dist. LEXIS 38608 (D.N.H. Mar. 19, 2013).

The only basis upon which the court can find there is a relationship between the claims in this action and plaintiff's request for injunctive relief against DOC officials is that Beaulieu claims the conduct she seeks to enjoin is retaliation for her litigation here. However, no retaliation claim is

6

pending in this case.  Plaintiff's allegations do not suffice, therefore, to establish the requisite connection between the underlying claims and relief requested in her motion for injunctive relief.  For that reason, Beaulieu's motion for a court order (Doc. No. 111) should be denied.

## III. Gag Order

As a preliminary matter, the court notes that in Beaulieu's motion for a gag order, in which she seeks to enjoin the conduct of defendant Rodier, Beaulieu does not certify that she has served a copy of the motion on Rodier.  The motion is subject to dismissal on that basis.  However, even if the motion has been served on Rodier, the court finds the motion should be denied on its merits, for the reasons stated below.

Beaulieu's request for a "gag order" is overbroad, as it would, if granted, prevent Rodier from contacting potential witnesses in this case, or even, taken literally, an attorney from whom Rodier might seek advice in this matter.  Also, the requested gag order would prevent Rodier from discussing factual assertions that Beaulieu herself has already placed in the public record in this case.  The court is not inclined to recommend that the district judge issue an order which would prevent a defendant from accessing tools he may need to defend this matter.

Additionally, Beaulieu has not pointed to any facts or circumstances that would indicate that Rodier has actually spoken to anyone about this case in a manner that is potentially harmful to Beaulieu, or that Rodier is likely to do so.  Without a demonstration that Rodier is likely to act in a manner that will harm Beaulieu, or Beaulieu's litigation of this case, Beaulieu cannot demonstrate irreparable harm, and the requested "gag order" is properly denied on that basis.  Accordingly, Beaulieu's request for a gag order should be denied, without prejudice to reassertion of the request should circumstances warrant in the future.

## Conclusion

For the foregoing reasons, the district judge should find that Beaulieu has failed to meet her burden to demonstrate that she is entitled to the preliminary injunctive relief and gag order she seeks, and should deny her motions (Doc. Nos. 111, 120) seeking such relief.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's

order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 24, 2017

cc:  Christopher "Crystal" Beaulieu, pro se
     Matthew Rodier, pro se
     Laura E. B. Lombardi, Esq.