# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Beaulieu
    a/k/a Crystal Beaulieu

    v.                              Case No. 15-cv-012-JD
                                          Opinion No. 2018 DNH 019

Cpl. Craig Orlando et al.

## **O R D E R**

At a discovery status conference held on September 22, 2017, the court, after consultation with the parties, deemed discovery in this case closed, as to the claims asserted against the New Hampshire Department of Corrections ("DOC") defendants.[1] Notwithstanding that finding, the court granted plaintiff Crystal Beaulieu leave to file a motion to compel discovery, pertaining to discovery requests Beaulieu had already propounded to the DOC defendants. Those rulings were memorialized in the court's September 28, 2017 Order (Doc. No. 159). Beaulieu subsequently filed the instant motion to compel (Doc. No. 162), to which defendants object (Doc. No. 163).

---

[1] Discovery has not closed with respect to Beaulieu's claims asserted against defendant Matthew Rodier.

**Discovery Order Requested by Beaulieu**

In her motion to compel, plaintiff asks the court to direct the defendants to provide her with the following discovery:

    1.   Answers to written questions (attached to the motion to compel as Exhibits A, B, and C), from five employees of the New Hampshire Department of Corrections ("DOC") who are not defendants to this action.

    2.   All request slips written to defendant Barbara Slayton during 2013 and 2014;

    3.   New Hampshire State Prison ("NHSP") medical and security records concerning three uses of force that occurred at the NHSP Secure Housing Unit ("SHU") in 2016 and 2017;

    4.   The ability to view video footage of the March 2012 incident at issue in this case;

    5.   The course completion status sheets for defendants Slayton, Stevenson, Cascio, Kimball, and Bishop, concerning their Prison Rape Elimination Act ("PREA") training;

    6.   Clarification of or supplemental answers to requests #3 and #4 in plaintiff's fourth request for admissions, and request #1 in plaintiff's fifth request for admissions; and

7. Defendant Cascio's answers to questions attached to the motion to compel as Exhibit D.

**Discussion**

I. <u>Non-Party Witnesses (Request 1)</u>
   <u>Slayton Request Slips (Request 2)</u>
   <u>Use of Force Records (Request 3)</u>
   <u>Cascio Responses to New Questions (Request 7)</u>

In the requests identified in this Order as Requests 1-3 and 7, Beaulieu makes new discovery requests in that they were not made prior to the close of discovery. As defendants point out in their objection, this case was filed approximately three years ago, discovery has been ongoing for more than two years, and discovery is now closed. Because discovery has closed, should Beaulieu need additional discovery materials, she must seek leave of court to reopen discovery, demonstrating good cause for not seeking the discovery in question prior to the close of discovery. <u>See</u> Fed. R. Civ. P. 6(b)(1)(B).

Beaulieu has neither moved to reopen discovery nor demonstrated good cause for doing so, nor demonstrated that her failure to request the discovery in Requests 1-3 and 7 was the result of excusable neglect. For these reasons, her motion to compel responses to Requests 1-3 and 7 are denied, without prejudice to Beaulieu's ability to move to reopen discovery making the appropriate showing.

II. Access to Video of March 2012 Incident (Request 4)

In Request 4, Beaulieu seeks access to a video of the March 2012 incident underlying claims in this action. Defendants object, stating that Beaulieu has seen the video twice and had the opportunity to take notes, and that Beaulieu has not demonstrated that she has made any reasonable request for further access to the video that has been denied. Because Beaulieu has failed to show that she has requested and been denied the ability to view the video, her motion to compel in that regard is denied.

III. PREA Training Records (Request 5)

In Request 5, Beaulieu seeks documentation of training defendants have received. Defendants object, stating that the only document in the DOC's possession that is responsive to Beaulieu's request has already been provided to Beaulieu. Beaulieu has not demonstrated any basis to find that additional documents in fact exist, and defendants cannot produce documents they do not have. Accordingly, her motion to compel a response to Request 5 is denied.

IV. Request 6

Beaulieu seeks clarification of the following responses she received to three requests for admissions propounded to

4

defendants. In Beaulieu's Fourth Request for Admissions, she asked defendants to admit the truth of certain statements, and received responses, as follows:

- Request for Admission (3): "That spit is not seen hitting Cpl Orlando's face on security video footage dated 3-7-2012."

    Response: "The video of the incident speaks for itself. Admitted that the video shows Plaintiff turn toward Cpl. Craig Orlando, and then an immediate reaction from Orlando."

- Request for Admission (4): "Lt. Paul N. Courchesne claims on the Disciplinary Report that he seen the spit hit Cpl. Orlando's face."

    Response: "The Disciplinary Report speaks for itself. Admitted that the Disciplinary Report states, in part, 'Inmate Beaulieu turns to his left and spits onto the right side of Cpl. Orlando's face.' This statement is included within the 'Summary of Investigation' section of the Disciplinary Report, which also states that 'Inmate Beaulieu did not deny spitting on Cpl. Orlando, only that "Orlando assaulted me too."'"

Doc. No. 163-1, at 3. In Beaulieu's Fifth Request for Admission, in pertinent part, she asked defendants to admit the truth of a statement, and received a response as follows:

- Request for Admission (1): "That the victim and perpetrators should not be within sight or sound of each other at any time in accordance with the policy."[2]

---

[2]Defendants' Response to Beaulieu's Fifth Request for Admissions (Doc. No. 163-2) does not make clear that Beaulieu identified a specific "policy" in the request for admission at issue here. Defendants' answer to that request, however, indicates that "PPD 5.19" is the pertinent policy, and plaintiff has not disputed that.

5

> Response: "PPD 5.10 provides the Prison Rape
> Elimination Act Procedures for the New Hampshire
> Department of Corrections. The PPD speaks for itself.
> By way of further answer, an immediate change of
> housing to ensure that an alleged perpetrator and
> alleged victim are not housed within sight or sound
> distance of each other can be difficult to achieve in
> the Secure Psychiatric Unit due to the different
> security levels of inmates/patients and the different
> levels of care between the wards in SPU. In addition,
> inmates/patients cannot be moved out of SPU unless the
> Director of Medical and Forensics Services approves of
> such a move and an alternative placement is arranged."

Doc. No. 163-2, at 1.

Beaulieu argues that the defendants' responses, to the extent they state that the video, disciplinary report, or policy "speaks for itself," are unclear and evasive. Defendants object to Beaulieu's request for clarification of their answers, stating that they have "clearly and thoroughly" responded to the pertinent requests.

The court must examine whether the defendants' answers comply with Fed. R. Civ. P. 36(a)(4), governing answers to requests for admission. That rule states:

> If a matter is not admitted, the answer must
> specifically deny it or state in detail why the
> answering party cannot truthfully admit or deny it. A
> denial must fairly respond to the substance of the
> matter; and when good faith requires that a party
> qualify an answer or deny only a part of a matter, the
> answer must specify the part admitted and qualify or
> deny the rest. The answering party may assert lack of
> knowledge or information as a reason for failing to
> admit or deny only if the party states that it has
> made reasonable inquiry and that the information it
> knows or can readily obtain is insufficient to enable
> it to admit or deny.

If the Court finds that an answer does not meet the requirements of Rule 36, it "may order either that the matter is admitted or that an amended answer be served," Fed. R. Civ. P. 36(a)(6). See Jones v. Univ. of Memphis, No. 2:15-CV-02148-JPM-CGC, 2016 WL 6123510, at *1 (W.D. Tenn. Sept. 23, 2016), R&R adopted, 2016 WL 6109407 (W.D. Tenn. Oct. 19, 2016).

Although defendants made statements in their responses in addition to asserting that the item in question spoke for itself, the statements in Beaulieu's requests for admission are neither admitted by the answer, nor expressly denied, and defendants have not explained why they cannot truthfully admit or deny their truth. Accordingly, the responses at issue in Request 6 do not satisfy the requirements of Rule 36(a)(4).

The motion to compel is granted, in part, as to Request 6. Defendants are directed to serve plaintiff with a response that admits, denies, or states in detail why the defendants cannot truthfully admit or deny the three requests for admission above, in a manner that complies with the requirements of Rule 36, within seven days of the date of this Order. Should defendants fail to comply with this Order, the above-cited statements will be deemed admitted.

## Conclusion

For reasons explained in this Order, Beaulieu's motion to compel (Doc. No. 162) is granted, in part, as to Request 6 as

7

identified in this Order, and is otherwise denied.  Defendants are directed to provide answers to the requests for admission in Request 6, as discussed above, within seven days of the date of this Order.  The defendants' timely compliance with this Order is expected to allow Beaulieu sufficient time to utilize that information, as necessary, in her summary judgment objection, which is due February 16, 2018.

    SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

January 29, 2018

cc:   Christopher R. Beaulieu, pro se
      Matthew C. Rodier, pro se
      Laura E.B. Lombardi, Esq.